**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANTHONY J. BRODZKI,** ) | |
|      **Plaintiff,** ) | |
| **vs.** ) | **No.  3:09-CV-2108-B-BH** |
| ) | |
| **FBI-DALLAS,** ) | |
|      **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Plaintiff Anthony J. Brodzki filed this action against FBI-Dallas on November 5, 2009.  His entire complaint reads "Injunction Included," but the only attachment to the complaint is a one-page letter to the Court expressing appreciation for "reading [his] Foia [sic] request, with a contained motion for an injunction."  No injunction is attached to letter, which states that he seeks an order compelling the Federal Bureau of Investigation ("FBI") in Dallas to turn off electronic equipment installed in Nevada which is allegedly hampering his civil action against a county sheriff there. Plaintiff claims that the case will be heard in Chicago and that he has a pending case against "CPD" which affects his movements in Chicago.  Plaintiff also asks the Court to compel the FBI to provide information that he was unable to obtain through a FOIA request in Washington, D.C.[1]  An attached "Civil Cover Sheet" indicates that this is a FOIA action.

The Court has granted Plaintiff permission to proceed *in forma pauperis* in this action.  No process has been issued in this case.

---

[1]  "FOIA" is the acronym for the Freedom of Information Act, 5 U.S.C. § 552.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action whenever it is determined that there is a lack of jurisdiction over the subject matter.

To aid in determining the existence of federal jurisdiction, Fed. R. Civ. P. 8(a) requires plaintiffs to make a "short and plain statement of the grounds upon which the court's jurisdiction depends." Although Plaintiff's complaint is completely devoid of any jurisdictional statement, the attached civil cover sheet invokes jurisdiction under 28 U.S.C. § 1346 because he sues a United States government defendant. The attachment also indicates that Plaintiff is filing his action under FOIA. When there is "the potential for [a] private cause of action", the Court appropriately finds jurisdiction, "and proceeds to consider the claims on the merits." *Canfield v. Baylor Med. Ctr.*, No. 3:05-CV-1828-D, 2006 WL 2460554, at *4 (N.D. Tex. Aug.23, 2006) (accepting amended recommendation of Mag. J.) (citing *Reeves v. Guifrida*, 756 F.2d 1141, 1143 (5th Cir.1985); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir.1985)).

## III. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. To state a claim upon which relief may be granted, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**A. FOIA**

Liberally construing Plaintiff's one-page complaint as asserting an action under FOIA based on his request that the Court "ask the FBI [for] any information regarding this mess, since a written foia [sic] through Washington, D.C. produced no information," Plaintiff fails to state a claim upon which relief can be granted. First, he does not allege what records he is seeking from the FBI. This omission alone makes his claim subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Carter v. McKain*, 94 Fed. App'x 844, 844 (D.C. Cir. 2004) (per curiam) (holding that dismissal is proper when the plaintiff "has not alleged he submitted a request for records to a federal agency or what records he is seeking"); *accord Wells v. U.S. Dep't of Educ.*, No. 09-456-JJB-CN, 2009 WL 2475434, at *1(M.D. La. Aug. 12, 2009) (approving recommendation of Mag. J.); *Brunwasser v. Jacob*, 453 F. Supp. 567, 572 (D.C. Pa. 1978), *aff'd*, 605 F.2d 1194 (3d Cir. 1979).

Second, federal courts lack jurisdiction under FOIA unless a federal "agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Plaintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA." *Goldgar v. Office of Admin.*, 26 F.3d 32, 34 (5th Cir. 1994) (per curiam). Plaintiff here has made no allegation of any *improper* withholding, only that a written request produced no information from the FBI. Because Plaintiff provides no facts to suggest or indicate that the FBI improperly withheld any records, he has plead insufficient facts to state a plausible FOIA claim against the FBI. His conclusory assertion under FOIA creates nothing more than a speculative possibility that the FBI has improperly withheld any agency record.

Third, the Fifth Circuit recognized long ago that a party asserting a claim under FOIA "must

4

present proof of exhaustion of administrative remedies prior to seeking judicial review." *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (per curiam). Because Plaintiff has made no allegation that he has exhausted his administrative remedies, he has stated no FOIA claim upon which relief can be granted. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988); *Wells*, 2009 WL 2475434, at *1; *Amsinger v. IRS*, NO. 4:08-CV-934 AGF, 2008 WL 2845603, at *1 (E.D. Mo. 2008).

Plaintiff's allegations are insufficient to state a FOIA claim upon which the Court can grant relief.

**B. Mandamus**

Plaintiff also specifically seeks to compel the FBI to turn off electronic equipment installed in Nevada. A request to compel action by a federal agency like the FBI prompts consideration of 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. In addition, § 1361 limits such compelled action to the performance of a duty owed to the plaintiff.

In this case, Plaintiff has neither alleged nor shown that the FBI owes him any duty to turn off any electronic equipment. In the absence of a duty owed to Plaintiff by the FBI, the Court is without authority to grant a writ of mandamus in this case. Consequently, to the extent Plaintiff

5

seeks relief under § 1361, his complaint has no arguable basis in law, and should be dismissed as frivolous.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2).

**SIGNED this 12th day of November, 2009.**

                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                    IRMA CARRILLO RAMIREZ
                                    UNITED STATES MAGISTRATE JUDGE